IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 2:05-1186 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| Keith Beaufort, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **I.     BACKGROUND**

Defendant Keith Beaufort seeks to suppress evidence seized in a September 25, 2003 raid on his home on the basis that the search warrant does not establish probable cause of drug activity in the residence. On September 25, 2003, the Berkeley County Sheriff's Department arrested defendant at his auto shop business for driving under suspension. Defendant fled when served, and was subsequently located hiding in an abandoned car behind the business with about $5,000 cash in his possession. Defendant offered several explanations for the cash. Detectives then contacted the Sheriff's drug unit, who interviewed defendant at the scene. With consent, detectives searched one of the trailer-campers located behind the business and found drug paraphernalia, baggies and powder that field tested positive for methamphetamine. After speaking with defendant and the shop's manager (Thomas Martin), the detectives requested three search warrants. Warrant one was to search defendant's business; warrant two was for his residence; and warrant three was for a second residence. Warrants one and two were signed by Berkeley County Magistrate Dennis around 7:30 pm on September 25, 2003. Warrant three was signed by Berkeley County Magistrate Wright on October 1, 2003.

Defendant challenges the second and third warrants. The government concedes it

will not use evidence seized from the third warrant; therefore, only the second warrant is in dispute. Defendant contends the second warrant is faulty because (1) it fails to adequately describe the premises to be searched, and/or (2) it fails to demonstrate a nexus between defendant's residence and criminal activity.

On the copy of the affidavit attached to warrant two, defendant's address appears to be 115 Fall Street in the "description" section and 15 Fall Street in the "reason" paragraph. The government has provided defendant a more clear copy, in which both addresses are 115. Defendant no longer pursues this objection.

## II.    ANALYSIS

Warrant two's description of premises to be searched and description of property references the attached affidavit of Det. Cpl. G. Epling. Epling's affidavit reads:

> **DESCRIPTION OF PROPERTY SOUGHT**
> Documents, monies, firearms, bank receipts, phone tolls, personal records, and any other documents tending to establish the identity of persons in control of the areas to be searched.
> **DESCRIPTION OF PREMISES (PERSON, PLACE OR THING) TO BE SEARCHED**
> While traveling on Hwy. 17A from Lazy Hill Rd. in the Moncks Corner area of Berkeley County, travel approximately 0.7 miles and make a right turn onto Fall St. Travel approximately less than 0.2 miles to the residence to be searched [which] is located on the left hand side of the roadway and is near the fence of 116 Oakcrest Dr. The residence to be searched is described as a tan in color trailer with white shutters and a white front door. The residence to be searched has the numerics of 115 clearly displayed left of the front door. The search is to include all outbuildings, vehicles, and appurtenances present at the time the search warrant is executed.
> **REASON FOR AFFIANT'S BELIEF THAT THE PROPERTY SOUGHT IS ON THE SUBJECT PREMISES**
> That on 06-25-03 members of the Berkeley County Drug Enforcement unit assisted the Criminal Investigation Division in the arrest of Keith Beaufort at his business for multiple arrest warrants. During the investigation agents received information from the manager of the

> business that K. Beaufort owned the business and that Veronical Brothers had the business in her name. After receiving a consent to search a camper trailer located at the back of the business, agents located a bag containing brown in color powdery substance which did field test positive for methamphetamine along with weighing scales, baggies with white powdery residue, and various paraphernalia.  While speaking with the girlfriend of K. Beaufort (Veronical Brothers), she did state that Keith Beaufort aka Scrappy did live at the residence of 115 Fall St. with her which is directly behind the business that he owns.  T. Martin who was present and is the Manager of the property, did give a written statement stating that the owner of business was K. Beaufort.  K. Beaufort did give three separate accounts concerning the large amounts of U.S. Currency found on his person when he was arrested.  It is through my knowledge and experience that persons who sell illegal drugs or possess illegal drugs keep documentation, monies, personal papers, phone tolls, personal records, and any other documents showing the identity of persons in control of the areas to be searched.

(Gov. resp. attach. B.)  Defendant's sole challenge is that warrant two does not provide probable cause to link the drug activity with his home. "In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." U.S. v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993).  Defendant contends the warrant fails to (1) connect criminal conduct with defendant's residence; (2) connect the trailer with defendant; and (3) connect the trailer with his business.  As a result, defendant suggests it is unreasonable to conclude contraband will be found in the residence.[1]

---

[1] Defendant contends it is unreasonable to assume evidence of a crime will be found in his residence.  However, the warrant's description of the property sought lists "documents, monies, firearms, bank receipts, phone tolls, personal records, and any other documents tending to establish the identity of persons in control of the areas to be searched."  It reasonable to believe the house would contain documents identifying its owner and the owner of surrounding structures.  However, police sought this information because they associated the house with criminal drug activity.  Therefore, defendant

The trailer and defendant are connected by virtue of defendant's ownership and control of the premises adjoining the trailer. The trailer and business are connected due to their proximity. The drugs found in the trailer are connected with defendant via the trailer's proximity to defendant's business and residence and the fact that defendant was carrying large amounts of cash near the trailer and had inconsistent explanations for the money. The affidavit suggests the trailer is part of the business: "trailer located at the back of the business."

Further, the Fourth Circuit has noted that "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence," and that "probable cause can be inferred from the circumstances." Id., 996 F.2d at 1582. In this instance, the totality of the circumstances likely supports a link between the residence and criminal activity.

Defendant cites to Lalor, which found a warrant invalid but upheld the evidence on the good faith exception. The affidavit at issue in Lalor linked the defendant with drug distribution, but did not specify the location of that use in relation to his home. The Fourth Circuit faulted the affidavit for failing to describe the geographic relationship between the area of defendant's alleged drug distribution and his residence. That record contained no evidence regarding the distance between the two places. In contrast, the affidavit at issue notes the residence is "directly behind" defendant's business. The

---

focuses solely on the argument concerning probable cause of drug activity in the residence.

4

contraband was located "at the back of" that business. Defendant contends this description is insufficiently vague. Given the deference accorded to magistrates in this context, and the requirement of commonsense interpretation of warrants, "directly behind" is sufficiently descriptive.

Alternatively, the good faith exception would apply if warrant two is invalid. Evidence from an invalidated warrant should be suppressed only if "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Lalor, 996 F.2d at 1583 (citing United States v. Leon, 468 U.S. 897, 926 (1984)). The affidavit establishes that defendant owns the entire premises - business, trailer, and residence. Contraband was found in a structure on his premises, adjacent to his residence. Defendant was arrested on those premises with a large, unexplained amount of cash for which he gave multiple explanations. Given the commonsense inferences that can be drawn from the circumstances, it is unlikely the officers acted with sufficient recklessness or disregard. As such, the good faith exception would apply.

### III. CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that defendant's motion to suppress be **DENIED.**

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 20, 2006**
**Charleston, South Carolina**

5